UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON CARL STOCKTON,<br><br>Defendant. | Case No. 1:21-CR-00264-DCN<br><br>**REPORT AND RECOMMENDATION** |

On February 22, 2022, Defendant JASON CARL STOCKTON appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate. The Government sought detention at the time of the change of plea hearing.

In this case, the Government initially moved for detention but later withdrew its motion. (Dkt. 4, 12.) On November 1, 2021, Defendant was ordered released on conditions. (Dkt. 12.) On January 11 and 18, 2022, Probation reported Defendant had violated two conditions of his release. (Dkt. 22, 23.) The Court concurred with the recommendation of pretrial services and allowed Defendant to remain on release. Probation reported Defendant has had no other violations.

Defendant moved away from Boise following the offense over two years ago and built a new life for himself. Defendant established a stable residence and been gainfully employed for over four years at the same job. Defendant has a supportive family and significant other. (Dkt. 12, 13.) The conditions of release include travel restrictions, and drug testing and treatment. Defendant has reportedly complied with the terms of his release and remained sober while on release, aside from the one reported instance of using an illegal substance. The Court and pretrial services found no cause or need to

order a drug assessment or substance abuse treatment. Defendant has not tested positive since the January 2022 incident.

Defense counsel noted during the hearing that the offense to which the Defendant has plead guilty does not carry a mandatory minimum sentence and argued that Defendant will qualify for the safety-valve at sentencing. Defendant's prior criminal history is comprised of only misdemeanors. Additionally, Defendant suffers from stress induced asthma which went untreated during his prior detention, weighing in favor of continued release.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release and the disruption to Defendant's treatment and employment that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant JASON CARL STOCKTON's plea of guilty to Count One of the Indictment (Dkt. 1).

2) The District Court order forfeiture consistent with Defendant JASON CARL STOCKTON's admission to the Criminal Forfeiture allegation in the Indictment

(Dkt. 1) and the Plea Agreement.

3) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release (Dkt. 13).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: February 22, 2022

_____
Honorable Candy W. Dale
Chief United States Magistrate Judge